**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BETTY SHUMAKE,**

    **Plaintiff,**

vs.                                    Case No. 4:11cv161-RH/WCS

**ENHANCED RECOVERY COMPANY, LLC,**

    **Defendant.**

                                           /

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, has filed a complaint, doc. 1, and a motion seeking leave to proceed *in forma pauperis*, doc. 3. Plaintiff's complaint is titled on the top of the page for the Middle District of Florida, and the *in forma pauperis* motion is on the form used by the Middle District of Florida. Thus, a review has been made of the allegations of the complaint prior to ruling on the *in forma pauperis* motion.

That review demonstrates that this case is not properly filed in this Court, nor should it be filed in the Middle District of Florida. The complaint alleges that Plaintiff resides in Millen, Georgia. Doc. 1, p. 1. Defendant conducts business in both Florida and Georgia, and Plaintiff provides an address for the Defendant in Jacksonville,

Florida, which is within the jurisdiction of the Middle District of Florida. Plaintiff also indicates that the registered agent for the Defendant is located in Duluth, Georgia. *Id.*

The complaint is brought pursuant to the jurisdiction provided to district courts under 28 U.S.C. § 1331, and Plaintiff alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Doc. 1, p. 1. The Fair Credit Reporting Act provides that an action to seek liability under the Act "may be brought in any appropriate United States district court," 15 U.S.C. § 1681p, but the Act does not specify where a case should be filed. Thus, the general venue statute controls, 28 U.S.C. § 1391(b), which permits filing a civil action either "where any defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendant Enhanced Recovery allegedly conducts business in the states of both Florida and Georgia. Plaintiff provides a "mailing address" in Jacksonville for the Defendant, but does not clearly state that Florida is where the Defendant "resides" for venue purposes under 28 U.S.C. § 1391(c). Several courts have concluded that the proper venue for a claim brought under the Fair Credit Reporting Act is where the injury is felt. *See* Gordon v. DTE Energy, 680 F.Supp.2d 1282, 1287 (W.D. Wash., 2010), *relying on* Myers v. Bennett Law Offices, 238 F.3d 1068, 1075-76 (9th Cir. 2001) (concluding that the "locus of the injury" is a relevant factor in determining venue). Because Plaintiff resides in Georgia, she would have suffered harm in that State. Defendant is alleged to conduct business in Georgia and, therefore, personal jurisdiction should exist. Thus, the proper venue for this action is in the United States District Court for the Southern District of Georgia. 28 U.S.C. § 90(c)(6).

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court has authority to raise the issue of defective venue *sua sponte*. See Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."). Thus, it is recommended that the case be transferred rather than dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case and all pending motions be **TRANSFERRED** to the United States District Court for the Southern District of Georgia, Statesboro Division, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 21, 2011.


    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**